WM. J. O'CONNOR, Plaintiff, *v.* EBLING BREWING COMPANY, FRANK MEYER and GEO. MARTIN, Composing the Firm of MEYER & MARTIN, Defendants.

(Supreme Court, New York Trial Term, January, 1918.)

Negligence — action for personal injuries — evidence — trial — when motion to set aside verdict and for a new trial granted.

> Though the evidence in an action for personal injuries brought by an employee of the general contractor for the construction of a building, based upon the negligence of the defendants, independent contractors, in removing one of the floors, is sufficient to justify a finding that the general contractor had notice from the defendants at the time of the accident that the floor was to be removed, a charge to the jury that as matter of law such notice was binding upon plaintiff is error, and a motion to set aside a verdict and for a new trial will be granted.

ACTION for negligence.

John J. Cunneen, for plaintiff.

J. H. Henry, for defendant Ebling Brewing Co.

Slade & Slade, for defendants Meyer and Martin.

HOTCHKISS, J. This action is based on the alleged negligence of defendants Meyer and Martin in remov-

ing one of the floors of a building under course of reconstruction, as a result of which the floor fell, causing the injuries of which plaintiff complains. Plaintiff was an employee of Loesch, the general contractor for the reconstruction work. Meyer and Martin were independent contractors. A small section of the floor was used incidentally in connection with the job upon which plaintiff was employed. A further section was used by plaintiff and other workmen in reaching a rod upon which they hung their coats before commencing their work. Plaintiff at the noon hour went upon this further section to get his coat and the section fell. There was evidence to justify a finding that Loesch had notice from the defendants that the floor was to be removed at this time. The jury was charged that notice to Loesch was binding upon the plaintiff, his employee, as matter of law. This was error. The precise question has apparently never been raised in any of the reported decisions in this state. The defendants as independent contractors owed a duty of due care to all who were properly upon the premises and whose presence defendants had reason to anticipate, though not employees of defendants. The nature and reasonable extent of the precautions required under the circumstances was a question for the jury, and, while the jury might have been warranted in finding that notice to Loesch was reasonably adequate in fact, such notice cannot be deemed adequate as matter of law since the defendants' duty was owed to plain-tiff as an individual, and the master and servant relationship existing between Loesch and plaintiff was one from which the defendants could derive no legal advantage. See *Lechman* v. *Hooper,* 52 N. J. L. 253; *Thoresen* v. *St. Paul & T. Lumber Co.,* 73 Wash. 99. Motion to set aside verdict and for new trial granted.

Motion granted.